UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**03-80894**

CASE NO.:
Magistrate Judge:

**CIV-COHN**

PIERRE VINCENT JOSEPH, individually and
on behalf of those similarly situated employees,

    Plaintiff,

vs.

BFI WASTE SYSTEMS OF NORTH
AMERICA, INC., a Florida corportion,

    Defendant.
_____/



## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff PIERRE VINCENT JOSEPH, by and through undersigned counsel and on behalf of himself and all similarly situated employees, sues Defendant BFI WASTE SYSTEMS OF NORTH AMERICA, INC., and alleges as follows:

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("the Act"), that seeks to recover unpaid overtime and overdue wages, liquidated damages, costs and reasonable attorney's fees.

2. Jurisdiction is founded on 29 U.S.C. §216(b) and 28 U.S.C. §1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §1391(b), inasmuch as the acts that form the basis of the claims occurred within the Southern District of Florida.



4. All jurisdictional pre-requisites, and all conditions precedent, to bringing these claims have been met, waived, or otherwise excused.

5. Plaintiff is, and at all relevant times has been, a resident of Palm Beach County, Florida.

6. Defendant was, at all relevant times, a foreign corporation authorized to conduct business, and conducting business in the State of Florida, including Palm Beach County, Florida.

7. At all relevant times, Defendant met the definition of an "employer" under the Act in that it was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and 203(s). The annual gross sales/revenues of Defendant are, and have been, in excess of $500,000 per annum. In addition, Defendant employed employees who in any workweek engaged in commerce or in the production of goods for commerce. Indeed, Plaintiff and those similarly situated to Plaintiff were individually engaged in interstate commerce.

9. The additional persons who may become Plaintiffs in this action are employees who held similar positions to Plaintiff as drivers, who were compensated at an hourly wage, who worked in excess of forty (40) hours per workweek during one or more weeks on or after September 2000, and who did not receive time and a half wages for their overtime hours worked.

10. Upon commencement of employment with Defendant, Plaintiff, and those similarly situated to him, were informed and promised that they would be paid at the wage rate of $10.00 per hour.

11. During their employment for Defendant, Plaintiff and other employees of Defendant similarly situated to Plaintiff worked in excess of 40 hours per workweek at the direction and with the full knowledge of Defendant. Defendant, however, failed to pay Plaintiff

and the similarly situated employees the required time and a half for all hours worked in excess of 40 hours per week. Instead, Defendant would manipulate the hourly wage rates paid to Plaintiff and similarly situated employees -- and paid them different hourly wage rates each week -- so that it would appear that Plaintiff and similarly situated employees were paid overtime when in fact they were not.

12. While Defendant received the benefits of Plaintiff's and the similarly situated employees' overtime hours, Defendant failed and refused to properly and fully compensate Plaintiff and the similarly situated employees for the hours they worked in excess of forty (40) hours per workweek, as required by the Act, 29 U.S.C. §207.

13. Defendant's actions in failing to compensate Plaintiff and the similarly situated employees for the overtime hours worked were willful, intentional and knowing in that Defendant knew of its obligations under the Act, the rules of the U.S. Department of Labor implemented under the Act, and the decisions interpreting the Act, yet willingly and intentionally failed to pay Plaintiff and the similarly situated employees their overtime and overdue wages.

14. Defendant's actions are in direct, willful, intentional and knowing violation of §207 of the Act.

15. As a direct and proximate result of Defendant's violations of §207 of the Act, Plaintiff and the similarly situated employees have suffered damages, including actual and liquidated damages, costs, and attorney's fees.

16. In order to enforce his rights under the Act, Plaintiff has been required to hire the undersigned law firm, and has agreed to pay the firm a reasonable fee for its services. Plaintiff is entitled to recover his costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for:

A.  All unpaid overtime wages for all hours Plaintiff has worked for which he has not been properly compensated, with prejudgment interest therein;

B.  An equal amount as liquidated damages, with prejudgment interest thereon;

C.  Costs and expenses of suit and an award of reasonable attorney's fees pursuant to 29 U.S.C. §216(b); and

D.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

BECKER & POLIAKOFF, P.A.
Lead Counsel for Plaintiff
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 561/732-0803 (WPB)
954/985-4176 (Facsimile)

By _____
RODERICK V. HANNAH
Fla. Bar No. 435384

/96)

# CIVIL COVER SHEET

44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use lerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**03-80894 CIV-COHN MAGISTRATE JUDGE SNOW**

**LAINTIFFS**

RRE VINCENT JOSEPH, individually and on alf of those similarly situated employees,

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

BFI WASTE SYSTEMS OF NORTH AMERICA, INC., a Florida corporation,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
oderick V. Hannah, Becker & Poliakoff, P.A.
111 Stirling Road, FTL, FL 33312 (954-985-4145)

ATTORNEYS (IF KNOWN)

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☒ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions A OR B |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Failure to pay overtime wages in violation of Fair Labor Standards Act.

LENGTH OF TRIAL
via __2__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

7/0/16 ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____